**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOSE PRADO,

        Plaintiff,

v.                                          Case No. 6:15-cv-1474-Orl-37TBS

MEL OTT INSURANCE AGENCY, INC.,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Defendant's Motion to Dismiss Amended Complaint for Lack of Standing and for Failure to State a Claim for Relief and Incorporated Memorandum of Law (Doc. 21), filed November 18, 2015; and

2. Plaintiff's Response in Opposition to Defendants' [sic] Motion to Dismiss Amended Complaint for Lack of Standing and for Failure to State a Claim for Relief (Doc. 22), filed December 2, 2015.

Upon consideration, the Court finds that the Motion is due to be denied.

**BACKGROUND**[1]

The Court previously dismissed the first iteration of the complaint in this action for Plaintiff's lack of standing. (Doc. 19 ("**October Order**").) Plaintiff subsequently filed an Amended Complaint. (Doc. 20.) Plaintiff is a disabled individual who requires a wheelchair for mobility, and he functions as a "tester" to ensure that places of public accommodation

---

[1] The facts set forth in this Order are taken from Plaintiff's Amended Complaint and are construed in the light most favorable to Plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

are in compliance with the Americans with Disabilities Act ("**ADA**"). (*Id.* ¶¶ 3–4.) Defendant owns, leases, and operates property located at 330 North Woodland Boulevard, Deland, Florida (the "**Property**"). (*Id.* ¶ 5.) On or about April or May of 2015, Plaintiff visited the Property and was "denied full, safe, and equal access to the facility" (*id.* ¶ 12) because the Property is allegedly noncompliant with the ADA (*id.* ¶¶ 5, 11, 13, 15, 17). The Amended Complaint provides a specific list of alleged ADA violations. (*Id.* ¶15.) Plaintiff desires to return to the Property within the next six months, but claims he is unable to do so due to "Defendant's failure and refusal to provide people with disabilities with full and equal access to their [sic] facility." (*Id.* ¶ 13.) Accordingly, Plaintiff seeks injunctive and declaratory relief. (*Id.* ¶¶ 21–25.)

Defendant now moves to dismiss the Amended Complaint, arguing that Plaintiff's allegations remain insufficient to establish that Plaintiff has standing. (Doc. 21, pp. 5–6.) Alternatively, Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 7–10.) Plaintiff opposes. (Doc. 22.) The matter is ripe for adjudication.

**STANDARDS**

**I.      Standing**

To demonstrate Article III standing, a plaintiff must show: (1) an injury-in-fact; (2) a causal connection between the injury-in-fact and the defendant's action; and (3) that the injury is redressable. *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). To obtain injunctive relief, the plaintiff must also show that there is a real and immediate threat of future injury. *Id.* On a motion to dismiss, courts "must evaluate standing based on the facts alleged in the complaint, and [must] not speculate concerning the existence of

standing or piece together support for the plaintiff." *Id.* (citation omitted).

   **II.   Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires a claimant to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alterations omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). When a complaint is challenged under Rule 12(b)(6), a court accepts as true all well-pleaded factual allegations and disregards unsupported conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678.

**DISCUSSION**

As a threshold matter, the Court rejects Defendant's argument that Plaintiff lacks standing. In the October Order, the Court found that Plaintiff sufficiently plead an injury-in-fact, a causal connection between the injury-in-fact and Defendant's actions, and redressability. (Doc. 19, p. 3.) Nevertheless, the Court dismissed the claim for Plaintiff's failure to plead a real and immediate threat of future injury—"Plaintiff [had] not clearly alleged his plans to return to the Property and his likelihood of future injury." (*Id.*) Plaintiff cured this defect in the Amended Complaint by alleging that: (1) he desires to return to the Property within six months to enjoy its goods and services because he lives close to, and frequently travels, in the area; (2) he cannot return due to the alleged violations; and

(3) he, therefore, continues to suffer injury. (Doc. 20, ¶ 13); see *De Palo v. Walker Ford Co., Inc.*, No. 8:15-cv-169-T-27AEP, 2015 WL 4506890, at *3 (M.D. Fla. July 23, 2015) (explaining that plaintiff need not "plead with specificity the precise dates and times of his visits"). Thus, Plaintiff has standing and the Court turns to Defendant's second argument—that Plaintiff fails to state an ADA claim.

The elements of an ADA claim are: "(1) the plaintiff is a qualified individual with a disability; (2) the plaintiff was 'excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity' or otherwise 'discriminated [against] by such entity'; (3) 'by reason of such disability.'" *Shotz*, 256 F.3d at 1079 (quoting 42 U.S.C. § 12182(a)). If—as here—a discrimination case is focused on a pre-existing building, a plaintiff must allege a physical barrier, the removal of which is "readily achievable." *Gathright–Dietrich v. Atlanta Landmarks, Inc.,* 452 F.3d 1269, 1273 (11th Cir. 2006).

Plaintiff pleads the necessary elements for his ADA claim. Plaintiff alleges that: (1) he suffers from a qualified disability and requires a wheelchair for mobility (Doc. 20, ¶ 3); (2) Defendant's Property is a place of public accommodation (*id.* ¶¶ 5, 10); and (3) Plaintiff was unable to enjoy the goods or services offered at the Property due to certain aspects of the Property that impeded his ability—as a wheelchair-dependent person—to park at the Property, maneuver through the Property's parking lot, or enter the Property (*id.* ¶¶ 12–13, 15). Plaintiff identifies nine physical barriers at the Property specific to his disability (*id.* ¶ 15), and he alleges that the removal of those barriers is readily achievable (*id.* ¶ 17). While Defendant may dispute these allegations, for purposes of testing the sufficiency of the Amended Complaint, they are accepted as true. *Ashcroft*,

556 U.S. at 678. Plaintiff's pleading, therefore, survives dismissal.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Amended Complaint for Lack of Standing and for Failure to State a Claim for Relief and Incorporated Memorandum of Law (Doc. 21) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 27, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record